**Electronically Filed
Intermediate Court of Appeals
29851
30-SEP-2013
10:24 AM**

NO. 29851

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FRANCISCO ABADILLA, JR., Plaintiff-Appellant
v.
SANFORD IWATA; JOHN DOES 1-10; JANE DOES 1-10;
DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10;
DOE ASSOCIATIONS 1-10; DOE JOINT VENTURERS 1-10;
DOE TRUSTS 1-10 and DOE GOVERNMENTAL ENTITIES 1-10,
INCLUSIVE, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-36)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Fujise, JJ.)

Plaintiff-Appellant Francisco Abadilla, Jr. (Abadilla) brought various claims against Defendant-Appellee Sanford Iwata (Iwata) for alleged injuries Abadilla sustained while employed at Sanford's Service Center, Inc. (SSC). The Circuit Court of the Third Circuit (Circuit Court)[1] granted summary judgment in favor of Iwata on all counts asserted against him in Abadilla's First Amended Complaint. On January 31, 2013, this court issued a Memorandum Opinion which vacated the Circuit Court's Final

---

[1] The Honorable Greg K. Nakamura presided.

Judgment[2/] in favor of Iwata and against Abadilla with respect to Counts I, III, and V of the First Amended Complaint and remanded the case for further proceedings. <u>Abadilla v. Iwata</u>, No. 29851, 2013 WL 377301 (Hawai'i App. Jan. 31, 2013) (hereinafter, "<u>Abadilla I</u>"). We concluded that there were genuine issues of material fact regarding whether Iwata engaged in wilful and wanton misconduct that caused Abadilla's injuries and whether Iwata was liable for punitive damages. <u>Id.</u> at *7.

The Hawai'i Supreme Court granted Iwata's application for certiorari. The supreme court concluded that this court did not "gravely err" in vacating the grant of summary judgment as to Abadilla's claim for punitive damages in Count V because "[b]ased on <u>Iddings [v. Mee-Lee</u>, 82 Hawai'i 1, 919 P.2d 263 (1996)], wilful and wanton conduct of a coemployee may give rise to punitive damages." <u>Abadilla v. Iwata</u>, No. SCWC-29851, 2013 WL 4458874, at *11 (Haw. Aug. 19, 2013) (Memorandum Opinion) (hereinafter "<u>Abadilla II</u>"). The supreme court, however, remanded the case back to this court "to decide, wilful and wanton liability aside, 1) what other theories of liability, if any, were subject to summary judgment and 2) in what capacities, that of co-employee aside, Defendant was entitled to summary judgment, if any." <u>Id.</u> The supreme court also stated that in <u>Abadilla I</u>, this court did not address: (1) Iwata's "argument that he was not liable as an officer or as a supervisor" for failing to provide "a safe place to work and reasonably safe machinery," or (2) whether expert testimony was necessary on the issue of causation at the summary judgment stage. <u>Id.</u>

I.

We clarify and supplement our decision in <u>Abadilla I</u> as follows:[3/]

---

[2/] The Circuit Court entered its Final Judgment on April 28, 2009.

[3/] In its Amended Judgment on Appeal filed on September 24, 2013, the Hawai'i Supreme Court vacated <u>Abadilla I</u> as well as this court's Judgment on Appeal. We do not read the supreme court's Memorandum Opinion in <u>Abadilla II</u>
(continued...)

A.

The Circuit Court properly granted summary judgment on all theories of liability contained in Counts I, III, and V of the First Amended Complaint, except for liability based on Abadilla's claim that Iwata, in his capacity as a co-employee, engaged in wilful and wanton misconduct that caused injury to Abadilla and also justifies the award of punitive damages.

We read Counts I, III, and V together as providing Iwata with fair notice that Abadilla was asserting a claim for liability falling within the exception set forth in Hawai'i Revised Statutes (HRS) § 386-8 (1993)[4]/ for wilful and wanton misconduct of a co-employee. See Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 215 n.17, 166 P.3d 961, 975 n.17 (2007) (construing Appellant's complaint liberally in concluding that it gave Appellees adequate notice of a claim not directly raised); Hall v. Kim, 53 Haw. 215, 221, 491 P.2d 541, 545 (1971) ("[A]ll pleadings shall be so construed as to do substantial justice." (quoting Hawai'i Rules of Civil Procedure Rule 8(f))).

In appealing the Circuit Court's grant of summary judgment on Counts I, III, and V, Abadilla argued that the Circuit Court erred because there were genuine issues of material fact regarding whether Iwata was subject to liability based on Iwata's wilful and wanton misconduct as a co-employee. In his opening brief, Abadilla did not argue that the Circuit Court had erred in granting summary judgment on any theory of liability besides Iwata's engaging in wilful and wanton misconduct in his capacity as a co-employee. Therefore, Abadilla waived all other

---

[3]/(...continued)
as concluding that our analysis in Abadilla I was incorrect, but only that it was incomplete or unclear in that we failed to decide certain matters. To avoid having to repeat our analysis in Abadilla I, we incorporate Abadilla I into this Summary Disposition Order.

[4]/ HRS § 386-8 provides in pertinent part: "Another employee of the same employer shall not be relieved of his liability as a third party, if the personal injury is caused by his wilful and wanton misconduct."

theories of liability.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) (2008) ("Points not argued may be deemed waived."). Accordingly, the only claims that remain are Abadilla's claims for compensatory and punitive damages that are based Iwata's wilful and wanton misconduct in his capacity as a co-employee.

B.

We reject Iwata's argument that his liability as a co-employee cannot be based on actions he took as a supervisor or officer in allegedly engaging in wilful and wanton misconduct that created an unsafe work place and caused Abadilla to suffer serious injury from the use of a dangerously unsafe machine. Based on the Hawaiʻi Supreme Court's decision in Iddings v. Mee-Lee, 82 Hawaiʻi 1, 919 P.2d at 263 (1996), we conclude that Iwata's argument is without merit.

Iddings, a nurse in the Human Services Unit, sued Dr. Mee-Lee, her co-employee supervisor and the Director in charge of the Unit.  Id. at 4, 919 P.2d at 266.  Iddings alleged that Dr. Mee-Lee had engaged in wilful and wanton misconduct in creating an unsafe work environment that caused Iddings to suffer injuries.  Id. at 4-5, 919 P.2d at 266-67.  The Hawaiʻi Supreme Court held that the trial court had erred in granting Dr. Mee-Lee's motion for summary judgment because there were genuine issues of material fact regarding whether Dr. Mee-Lee had engaged in wilful and wanton misconduct thereby subjecting him to co-employee liability.  Id. at 21, 919 P.2d at 283.

The supreme court specifically rejected the argument that Dr. Mee-Lee, as a supervisory employee, should not be subject to co-employee liability and should be treated the same as the employer for purposes of immunity from suit under the workers' compensation law.  Id. at 14, 919 P.2d at 276  The supreme court stated:

> [T]he plain language of HRS § 386-8, describing the right to sue co-employees for injurious wilful and wanton misconduct, is without limitation; HRS § 386-8 provides in pertinent part that "[a]nother employee of the same employer shall not be relieved of his [or her] liability as a third party, if the personal injury is caused by his [or her] wilful and

4

wanton misconduct." <u>A plain reading of the language used provides no indication that the legislature's use of the terms "another employee of the same employer" sought to limit suits based on wilful and wanton misconduct solely to non-supervisory co-employees.</u> To the contrary, the broad scope of the terms used instead implies a legislative intent to include all other employees of the same employer within the scope of exposure to suit without limitation.

<u>Id.</u> at 15, 919 P.2d at 277 (emphasis added; emphasis in original omitted; brackets in original).

### C.

In <u>Abadilla I</u>, we recounted in detail the summary judgment evidence and concluded that there were genuine issues of material fact regarding whether Iwata's wilful and wanton misconduct caused Abadilla's injuries. When viewed in the light most favorable to Abadilla, there was evidence that Iwata had placed a machine that had dangerously malfunctioned and exploded back into service for use by employees without determining what had caused the malfunction, without seeking competent advice on how to fix the machine, without repairing mechanisms on the machine designed to ensure the safety of its users, and without testing the machine after the Iwata-directed repairs were made to determine whether they would prevent a dangerous malfunction from recurring. Shortly after the machine was placed back in service, it again malfunctioned and exploded in manner very similar to the prior malfunction, resulting in serious injuries to Abadilla. We conclude, under the circumstances of this case, that Abadilla was not required to present expert testimony on causation in order to survive summary judgment. <u>See</u> <u>Yoneda v. Tom</u>, 110 Hawai'i 367, 385, 133 P.3d 796, 814 (2006) (vacating summary judgment in favor of defendant golf course owner and concluding that the opinion of a design expert was not necessary to create a genuine issue of fact for trial in a case where plaintiff sued for injuries sustained upon being struck by an errant golf ball).

### II.

Based on the foregoing, we vacate in part and affirm in part the Circuit Court's Final Judgment with respect to the entry of judgment on Counts I, III, and V of the First Amended

Complaint in favor of Iwata and against Abadilla, and we remand the case for further proceedings consistent with this Summary Disposition Order and our Memorandum Opinion in <u>Abadilla I</u>, as clarified and supplemented by this Summary Disposition Order.  On remand, Abadilla is entitled to pursue his claim that Iwata, in his capacity as a co-employee, engaged in wilful and wanton misconduct that caused injury to Abadilla and also justifies the award of punitive damages.  In all other respects, the Final Judgment is affirmed.

DATED: Honolulu, Hawai'i, September 30, 2013.

Steven K. Hisaka
(Janice T. Futa,
Dwayne S. Lerma, and
Jo Anne E. Goya, with him
on the briefs)
for Plaintiff-Appellant

Gregory K. Markham
(Keith K. Kato, with him on
the brief)
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge

6